**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SONYA ABERCROMBIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:13-CV-1038-L-BK** |
| | § | |
| | § | |
| **BANK OF AMERICA, N.A., et al.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 5). Now

before the Court is Defendants Bank of America, N.A., Mortgage Electronic Registration

Service, ReconTrust Company, N.A., and The Bank of New York Mellon's *Motion for Judgment*

*on the Pleadings.* (Doc. 6). Defendants filed their motion on March 18, 2013. *Id.* Following

Plaintiff's failure to timely respond, the Court *sua sponte* enlarged Plaintiff's response time to

April 30, 2013, and warned Plaintiff that a further failure to respond could result in this Court

considering Defendants' motion without further notice. (Doc. 8). To date, however, Plaintiff

has failed to respond.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for

failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent

undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff failed to respond to

Defendants' *Motion for Judgment on the Pleadings* and, subsequently, failed to comply with this

Court's order directing a response, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with

prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v.*

*Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the limitation periods for filing

Plaintiff's wrongful foreclosure, fraud, usury and breach of fiduciary duty claims do not appear

to expire until 2016. *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex. App. — Dallas, 2004)

(noting four-year statute of limitations for wrongful foreclosure claims); TEX. CIV. PRAC. & REM.

CODE § 16.004(a)(4-5) (noting a four-year statute of limitations for fraud and breach of fiduciary

duty claims); TEX. FIN. CODE § 305.006 (noting four-year limitations period for usury claims).

Also, Plaintiff has until 2014 to assert her misrepresentation, civil conspiracy and Fair Credit

Report Act claims. 15 U.S.C. §1681p (noting a two year limitations period from the date of

discovery of the violation that is the basis for liability for claims under the Fair Credit Report

Act); TEX. CIV. PRAC. & REM. CODE § 16.003 (noting two-year statute of limitations for

misrepresentation and civil conspiracy claims). Thus, dismissal of these claims without

prejudice will not unfairly affect Plaintiff's legal interests.

However, Plaintiff's claim under the Truth in Lending Act is subject to a one-year statute

of limitations period, which, based on her pleadings, appears expired as of March 2013. *See* 15

U.S.C. § 1640(e) (noting a one-year limitations period for claims under the Truth in Lending

Act). Where limitations "prevents or arguably may prevent" further litigation, the district court

may dismiss for want of prosecution only when there is a clear record of delay or contumacious

conduct by the plaintiff, and the district court has expressly determined that lesser sanctions

would not prompt diligent prosecution, or the record shows that the district court employed

lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (treating involuntary dismissal of Title VII case for failure to prosecute as dismissal with prejudice, where plaintiff was time barred from reasserting Title VII claim); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519-21 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).   In addition, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry*, 975 F.2d at 1191.

Here, there is a clear record of delay.  This case has been pending since March 2013, and after Plaintiff's failure to timely respond to Defendants' motion, Plaintiff failed to follow the Court's subsequent order to respond.  The Court has no evidence but that Plaintiff's failure to comply with the Court's order is intentional.  Since Plaintiff is proceeding *pro se*, the delay caused by her refusal to comply with the Court's order is attributable to her alone. *See Berry*, 975 F.2d at 1191.  In light of these facts, no lesser sanction will prompt diligent prosecution of this case.  Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's Truth in Lending claim.

Accordingly, the District Court should dismiss this action against Defendants without prejudice for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on June 25, 2013.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE